**FILED**
APR - 4 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE APPLICATION OF THE ) <br> UNITED STATES OF AMERICA FOR ) <br> AN ORDER PURSUANT TO ) <br> 18 U.S.C. § 2703(d) REGARDING ) <br> TELEPHONE NUMBER ) <br> 202-549-8340 ) <br> _____ ) | MISC. NO. 13-321 <br><br> UNDER SEAL |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require AT&T Mobility LLC, a Cellular Service Provider located in West Palm Beach, FL, to disclose certain records and other information pertaining to the cell phone number(s): 202-549-8340. The records and other information to be disclosed are described in Attachment A to the proposed Order, and include subscriber information, call detail records, and historical cell site and cell sector information for the target cell phone number for the period of October 15, 2012, through January 14, 2013. In support of this application, the United States asserts:

LEGAL BACKGROUND

1. AT&T Mobility LLC is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require AT&T Mobility LLC to disclose the items described in Part II of Attachment A. *See* 18

U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). This standard "requires a showing of a particularized and objective basis for a suspicion of criminal activity." Applications of the United States for Orders Pursuant to Title 18, United States Code, Section 2703(d), 509 F. Supp. 2d 76, 78, n.2 (D. Mass. 2007) (citing United States v. Cortez, 449 U.S. 411, 417-18 (1981)); see also In the Matter of the Application of the United States for an Order Authorizing Disclosure of Historical Cell Site Information for Telephone Number [   ], Misc. No. 11-449 (JMF/RCL), at 8-9 (D.D.C. Oct. 12, 2011) (redacted memorandum and order) (noting cellular calls are "wire communications" under the meaning of the Stored Communications Act and the government may appropriately compel disclosure relating to a subscriber's use of services under Section 2703(d) without meeting probable cause requirement for a warrant). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States is investigating possible violations of, inter alia, 18 U.S.C. § 2251(a) (Production of Child Pornography).

5. On January 14, 2013, Homeland Security Investigations agents, with the assistance of officers from the Metropolitan Police Department for the District of Columbia and the Virginia State Police, executed a federal search warrant at the residence of the target of this investigation, James Greene, Jr., in Southeast Washington, D.C. Pursuant to the search warrant, agents previewed a laptop computer and external hard drive belonging to Greene and located images and videos depicting child pornography. Pursuant to the search warrant, agents seized three computers, one cellular telephone (an Apple iPhone), and other loose electronic media. Greene was subsequently arrested and charged with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2).

6. In the course of forensically analyzing the cellular telephone belonging to Greene that was seized on January 14, 2013, Homeland Security Agents have located images depicting child pornography that were sent to Greene's cellular telephone, number 202-549-8340, via multimedia messaging. Specifically, agents have identified two female minors, ages 14 and 16, with whom Greene was communicating via text and multimedia messaging and from whom Greene solicited and received sexually explicit images that constitute child pornography.

7. **Communications with A.B.:** Between November 10, 2012, and January 14, 2012, using his cellular telephone with the number 202-549-8340, Greene exchanged approximately 3,422 text messages and 66 multimedia messages with a minor female, approximately age 14 years-old, with the initials A.B. At least three of the multimedia messages were images depicting child pornography, as described herein.

3

8.     On November 11, 2012, Greene sent a text message to A.B. saying he "can send you things in like 5 mins." A.B. asked, "do u want me 2send something back?" Greene said, "If you want to [smiley face]." A.B. asked, "[would] a pic of my boobs be good?" Greene answered, "Hehe sure baby." A.B. sent Greene a photograph of her breasts via multimedia message.

9.     Later during their exchange of text messages on November 11, 2012, Greene sent A.B. two photographs, including at least one photograph of his penis. A.B. told Greene, "now im wet." Greene replied, "Hehe you should show me [winking smiley face]." A.B. said, "Okay baby give me a min...I tried 2send a vid but u really cant see anything...U still want me 2send it?" Greene replied, "Yeah babe." A.B. said, "I wont let me send it"; and Greene asked "Why not [frowning face]." A.B. replied, "[I don't know] it said memory eceded or something." Greene said, "[frowning face] take a shorter one then baby." A.B. asked, "Can u jst send a pic." Greene replied, "Yeah baby." A.B. then sent Greene a picture of her touching her vagina. Greene replied, "Ooh baby that's super sexy...I want that now [winking smiley face] My tongue all over it."

10.    During an exchange of text messages on December 28, 2012, Greene told A.B., "Haha you should send me a shower pic [winking smiley face] [Laugh out loud]." A.B. replied, "Haha maybe [face with tongue sticking out]." Greene said, "Haha that means no." A.B. said, "……….. u sure about that? …" Greene replied, "It usually does. But prove me wrong [smiley face." A.B. told Greene, "Haha okay let me get out of the shower...So give me a few mins." A short time later, Greene asked, "So do I get my pictures? [winking smiley face]." A.B. asked, "Mmm hmmm what do u want a pic of." Greene answered, "Everything [winking smiley face]." A.B. said, "Sooo like a full body pic." Greene responded, "Sure [smiley face]." A.B. responded,

"okay give Me a min." A.B. subsequently sent Greene a picture of her standing naked in front of a mirror. Greene replied, "Damn you're sexy…I could stare at that body for hours…Hehe I wish you had sent more." A.B. replied, "I would have but my data plan." Greene said, "It's okay [smiley face]. You don't have to." A.B. said, "Otay [smiley face]". Green said, "Just sayin what I like [smiley face]." A.B. said that she could "send one more later," and Greene replied, "Hehe really?" Later that night, A.B. sent Greene a picture of her vagina. A.B. asked, "Whatcha think of the pic?" Greene replied, "Fuckin sexy as hell."

11. **Communications with A.H.:** Between October 15, 2012, and January 13, 2012, using his cellular telephone with the number 202-549-8340, Greene exchanged approximately 11,951 text messages and 15 multimedia messages with a minor female, approximately age 16 years-old, with the initials A.H. At least two of the multimedia messages were images depicting child pornography, as described herein.

12. On October 15, 2012, Greene sent A.H. a video of him masturbating. On January 9, 2013, Greene sent A.H. two pictures of his penis.

13. On January 10, 2013, Greene asked A.H. what she was doing and A.H. said that she was taking a bath. Greene sent a message to A.H. saying, "Well you haven't sent me anything sexy in a while [winking smiley face]." A.H. replied, "Haha." Greene said, "Haha hint hint." A.H. replied, "Not now. [Laugh out loud]." Greene said, "Haha yes now…It's the perfect opportunity too." A.H. said, "When I get out I will. What do you want a picture of?" Greene replied, "Hmmm surprise me." A short time later A.H. sent a picture of standing naked in front of a mirror. During this exchange, A.H. told Greene, "don't keep these pictures on your phone tho! [Laugh out loud]." A.H. later asked, "So do you actually keep the pictures I send you? Don't lie." Greene replied, "No. You told me not to so I don't." A.H. subsequently sent

Greene two pictures of her vagina. Greene replied, "Mmmm I want that. ...Mmm I wanna lick it all up."

## REQUEST FOR ORDER

14.  The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify Greene's location during the message exchanges described above, and to determine the nature and scope of his activities. Accordingly, the United States requests that AT&T Mobility LLC be directed to produce all items described in Part II of Attachment A to the proposed Order.

15.  The United States further requests that the Order require AT&T Mobility LLC not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order until further order of the Court. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id*. In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify

confederates. See 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence.

16. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

Ronald C. Machen Jr.
UNITED STATES ATTORNEY

Cassidy Kesler Pinegar
Assistant United States Attorney
D.C. Bar # 490163
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-1739
Cassidy.Pinegar@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)  REGARDING TELEPHONE NUMBER 202-549-8340 | MISC. NO.  13-321 <br><br> UNDER SEAL |

## ATTACHMENT A

**I.     The Account(s)**

The Order applies to certain records and information associated with the following cell phone number(s): 202-549-8340.

**II.    Records and Other Information to Be Disclosed**

AT&T Mobility LLC is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), for the time period from October 15, 2012, until January 14, 2013:

    A.    The following information about the customers or subscribers of the Account:

        1.   Names (including subscriber names, user names, and screen names);

        2.   Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        3.   Local and long distance telephone connection records;

        4.   Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        5.   Length of service (including start date) and types of service utilized;

        6.   Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));

        7.   Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

    8.    Means and source of payment for such service (including any credit card or bank account number) and billing records.

B.    All records and other information (not including the contents of communications) relating to the Account, including:

    1.    Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

    2.    Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers); and

    3.    All data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from each cellular telephone or device assigned to the Account.

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by AT&T Mobility LLC, and my official title is _____. I am a custodian of records for AT&T Mobility LLC. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of AT&T Mobility LLC, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

    a.    all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

    b.    such records were kept in the ordinary course of a regularly conducted business activity of AT&T Mobility LLC; and

    c.    such records were made by AT&T Mobility LLC as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____    _____
Date    Signature